# UNITED STATES DISTRICT COURT

for the
DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV 08-452-S-EJL |
| | ) | |
| MARK RICHEY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court in the above-entitled matter is the Petition to Enforce Internal Revenue Service ("IRS") Summons (Docket No. 1). The Court held an order to show cause hearing on February 23, 2009. After the hearing, the Court requested additional information from the parties regarding whether or not the IRS investigation is now closed due to the agreement by the taxpayers to pay the Notice of Deficiency assessment and penalties.

## Factual Background

The IRS seeks enforcement of its October 28, 2008 summons for the workfile of the appraiser (Mark Richey) who prepared an appraisal of the value of a conservation easement claimed as a charitable deduction by the taxpayers Alan and Wendy Pesky. The taxpayers have been allowed to intervene in this action. The value of the conservation easement is the value of the reduction in the value of the subject property due to the conservation easement

MEMORANDUM ORDER- 1

being recorded.  The appraiser's forty-nine page final  report was filed with the 2002 tax return of the Peskys and indicated a 29% reduction in value in the subject property.  (Docket No. 16).  On page 4 of the final report it says: "Other than what is attached to this appraisal, all of the documentation is contained within my files."

It is undisputed that the appraiser was hired by the taxpayers' lawyer as the lawyer anticipated potential litigation over the value of the deduction for the conservation easement. The appraiser has turned over control of his workfile to the taxpayers' lawyer and did not respond to the summons of the IRS.

The IRS denied the claimed conservation easement deduction and filed a Notice of Deficiency for tax years 2003 and 2004 as the conservation easement deduction carried over into those tax years.  The IRS argues it needs this appraiser workfile to evaluate the final appraisal report that was provided to the IRS with the 2002 tax return.

The taxpayers argue that summons should be quashed as the workfile is subject to attorney-client privilege and the work product doctrine as it was prepared for the law firm by Mr. Richey in anticipation of potential litigation.  It is undisputed that the law firm did not prepare the Pesky tax returns.   The taxpayers also argue the summons is not in good faith as the investigation as to the 2003 and 2004 tax years is closed and any challenge to such tax years can be addressed via the normal discovery process in Tax Court or District Court. Moreover, the taxpayers allege the statute of limitations on the extension for assessment purposes for tax years 2003 and 2004 has expired so the petition fails to establish a *prima facie* case for summons enforcement.

MEMORANDUM ORDER- 2

The IRS maintains the investigation is not complete even though the Peskys have paid the IRS assessment with penalties in full.  The IRS claims until the time period for filing a petition with the Tax Court expires on or about March 10, 2009, the matter is not moot and the IRS summons should be enforced.  The IRS maintains the workfile is not subject to the attorney client privilege or work product doctrine.

Analysis

1.  Was Service Proper?

Respondent and Intervenors argue the summons was not properly served on Mr. Richey.  Section 7603(a) provides that an IRS summons must be served by hand delivery to the person whom it is directed. It is undisputed in this case that Mr. Richey received the summons by mail.  The IRS responds that since Mr. Richey had actual notice of the summons and did not object to the method of service earlier, the enforcement of the summons should not be affected.  Minor violations should be excused where the IRS acts in good faith and there is no prejudice to the taxpayer.  See Sylvester v. United States, 978 F.2d 24, 27-28 (1st Cir. 1992); United States v. Payne, 648 F.2d 361, 363 (5th Cir. 1981).  The Court agrees that since Mr. Richey had actual notice and does not contest his receipt of the summons, the improper service method is not a proper basis to fail to enforce the summons.  In the case, the Court will allow the summons to be considered, however, the IRS is on notice that proper service will be expected for future summonses issued by the IRS.

MEMORANDUM ORDER- 3

2.  Is the Investigation Over?

During argument, the Respondent and Intervenors argued that the issue regarding the summons being enforced is moot as the investigation is closed.  The IRS argued the investigation is not closed until the time period for filing a petition with the Tax Court expires on or about March 10, 2009.  After researching the issue further, the parties notified the Court that in general 26 C.F.R. 601.105, Rev. Proc. 2005-32 sets forth in Section 4 that in an unagreed tax case the case is closed after examination "when the period for filing a petition with the United States Tax Court, as specified in the notice of deficiency or notice of determination issued to the taxpayer, expires with no petition filed."  However, in this particular case the taxpayers have agreed to the notice of deficiency and have paid the IRS calculated assessments and penalities so the tax case is not "unagreed."  Pursuant to Internal Revenue Manual, Section 4.8.9, where a notice of deficiency is issued and the taxpayer subsequently agrees to the assessment and collection of the entire deficiency, the case is closed when a waiver is received and sent to centralized case processing for assessment of the deficiency.  This appears to be what happened with the Peskys.

The IRS argues it has a continuing interest in finding out what is behind the appraisal because taxpayers must file a claim for a refund administratively before they can file an action either in claims court or district court for a refund. The Supreme Court recently affirmed the process for seeking a refund in United States v. Clintwood Elkhorn Min. Co., ___ U.S. ___, 128 S.Ct. 1511, 1514-15 (2008):

MEMORANDUM ORDER- 4

A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. 28 U.S.C. § 1346(a)(1); <u>EC Term of Years Trust v. United States</u>, 550 U.S. 429, ----, and n. 2, 127 S.Ct. 1763, 1766 n. 2, 167 L.Ed.2d 729 (2007). The Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. <u>United States v. Dalm</u>, 494 U.S. 596, 609-610, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). That scheme provides that a claim for a refund must be filed with the Internal Revenue Service before suit can be brought, and establishes strict timeframes for filing such a claim.

In particular, 26 U.S.C. § 7422(a) specifies:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the [IRS]."

The Code further establishes a time limit for filing such a refund claim with the IRS: To receive a "refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return," a refund claim must be filed no later than "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." § 6511(a). And § 6511(b)(1) mandates that "[n]o credit or refund shall be allowed or made" if a claim is not filed within the time limits set forth in § 6511(a). "Read together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund ... may not be maintained in any court." <u>Dalm</u>, <u>supra</u>, at 602, 110 S.Ct. 1361.

Clearly, the time for filing a claim for refund has not expired, but it is also not a given that the taxpayers will seek a refund. To claim the potential of a refund request justifies the summons seems disingenuous when the IRS proceeded to issue a notice of deficiency and accept the taxpayers payment of the assessed taxes.

MEMORANDUM ORDER- 5

The IRS also argues the enforcement of the summons is not moot as the Court must evaluate the summons as of the date the summons was issued not as of the date of the proceedings at the time of the hearing on the Petition to Enforce the Summons. United States v. Kemper Money Market Fund, 781 F.2d 1268, 1277-78 (7th Cir. 1986). The mere fact a notice of deficiency has issued does not render a summons enforcement proceeding illegitimate. See PAA Management Ltd. v. United States, 962 F.2d 212 (2nd Cir. 1992); United States v. Gimbel, 782 F.2d 89 (7th Cir. 1986).

This is a close call for the Court. From a practical standpoint, the summons seems moot, but from a technical reading of the statutes and regulations, the Court finds the enforcement of the summons is arguably not moot at this time since the period in which to file a petition with the Tax Court has not expired. The Court will now address the merits of the summons.

3. Is the Workfile Subject to a Discovery Request?

Assuming the summons is not moot, the Court finds that the workfile at issue does not have to be turned over to the IRS at this point. The appraisal was prepared at the law firm's direction to aid the attorney in providing legal advice to the Peskys and any notes in the workfile would therefore be protected by the attorney-client privilege. See United States v. Abrahams, 905 F.2d 1276 (9th Cir. 1990). Further, the appraisal work file was prepared in anticipation of future litigation over the value of the conservation easement and could also be considered protected under the work product doctrine. In re Grand Jury Subpoena (Mark

MEMORANDUM ORDER- 6

Torf/Torf Environmental Management), 350 F.3d 1010, 1015 (9th Cir. 2003). While the final appraisal report was filed with the Peskys 2002 tax return, the Court finds that the appraisal is a "dual purpose" document such that the public disclosure of the final appraisal report is not protected, but the workfile of the appraiser is protected as attorney-client privilege and/or the work product doctrine. Id. Disclosing the final appraisal report does not as a matter of law open the workfile to discovery by the IRS.

Moreover, the IRS will have the opportunity to conduct discovery regarding the final appraisal report in Tax Court or District Court if a claim for a refund is filed by the taxpayers. The Court has reviewed the final appraisal report and finds it to be a fairly complete document which sets forth the method of calculation, assumptions and comparable sales used for the calculations. It is unknown to the Court what additional information the IRS speculates to be in the workfile that would aid the IRS in understanding the final appraisal or that would change the IRS's position that the deduction should not be allowed. Additionally, it seems any discovery to clarify the appraisal at this stage is no longer in good faith since the notice of deficiency has issued and the taxpayers have paid the taxes and penalties assessed.

While the prima facie case for enforcement of a summons under United States v. Powell et al, 379 U.S. 48 (1964) is minimal, the IRS still has to provide some explanation of why the final appraisal report alone is insufficient to explain the appraiser's conclusions and why the IRS has an interest after the taxpayers have consented to the assessment which disallows the deduction calculated by the appraisal. The Court finds the IRS has not carried

MEMORANDUM ORDER- 7

this burden and has not established that the workfile is not protected by the attorney-client privilege or work product doctrine.  Therefore, the summons should be quashed.

Order

Being fully advised in the premises, the Court hereby orders that the Petition to Enforce Internal Revenue Service ("IRS") Summons (Docket No. 1) is DENIED and the summons issued to Mr. Richey is QUASHED.

DATED:  **March 6, 2009**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER- 8